WILLIAM SIMPSON V. STATE BANK OF CERESCO ET AL.

FILED MAY 19, 1898. NO. 8084.

Sale: EXECUTORY CONTRACT: TITLE: TROVER. In an action of trover against a mortgagee of goods by one claiming to have purchased from the mortgagor prior to the mortgage, evidence examined and *held* to sustain a finding that the contract relied on was executory and that title had not passed.

ERROR from the district court of Saunders county. Tried below before HOLMES, J. *Affirmed.*

*Ricketts & Wilson*, for plaintiff in error.

*Good & Good*, contra.

IRVINE, C.

This was an action in the nature of trover for certain clothing alleged to belong to the plaintiff and to have been by the defendant, the State Bank of Ceresco, con-

verted to its own use. Sayers & Walker, a firm which formerly owned the goods, was permitted to intervene as a defendant. The case was tried without a jury and there was a general finding for the defendants. The only assignment of error to which the argument in the briefs is applicable is that the finding is not sustained by the evidence.

Sayers & Walker were engaged in a general mercantile business at Ceresco. On October 12, 1894, Simpson made some arrangement with them for the purchase of a quantity of clothing from their stock. He, in the presence of one or both members of the firm, selected the goods, which were invoiced as selected, and it seems a portion marked with a private cost mark by Simpson. They were then carried into an adjoining room occupied by Sayers & Walker in connection with their store, certainly as a warehouse and it seems to some extent as a salesroom, and there placed in boxes which were nailed up. Simpson then wrote his name on them and left town. It seems that he was expected to return the following week and take the goods. A few hours after Simpson left, Sayers & Walker made a mortgage to the bank covering their entire stock of merchandise and some other property, to secure an existing debt to the bank, and subsequently made mortgages on the same property to other creditors. After the bank's mortgage was executed, but before possession was taken thereunder, Sayers & Walker unpacked the goods in controversy and replaced them in the room from which they had been taken. That night the bank took possession. Simpson appeared the following week, expressed his desire to complete his contract, and was informed that Sayers & Walker had elected to rescind it. He then brought this suit.

The argument is largely directed to the question whether the acts of Simpson and Sayers & Walker, above stated, were sufficient acceptance and receipt of the goods to satisfy the ninth section of the statute of frauds, it

20

being conceded that the goods were of the value of more than $50, that there was no note or memorandum in writing, and that no part of the purchase price was paid. We do not think it necessary to examine the case from that point of view, because we are convinced that the evidence sustained the finding on the theory that there had been no sale which would pass title regardless of the statute of frauds. The nature of the contract with Simpson does not clearly appear from the evidence. It does clearly appear that Sayers & Walker refused to permit Simpson to take the goods out of their building and that Simpson acquiesced in their decision. In one place it seems that the reason of the refusal was that something was to be ascertained about property which was to be received in exchange, and that an indemnity bond of some kind was to be given by Simpson before he should take the goods. In another it seems that Simpson claimed an indebtedness to himself and that Walker refused to allow the goods to go out until he was satisfied that such indebtedness existed. Simpson himself testified that he did not take the goods because he had not performed his part of the contract. From this the inference is almost conclusive that the selection and packing of the goods were not intended to operate as a delivery, and that the contract was executory, not to be consummated by delivery until Simpson should perform the consideration. Therefore title did not pass and Simpson is without remedy against the bank, or, in this kind of an action at least, against Sayers & Walker.

AFFIRMED.